IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANE AQUILINO : 
 : CIVIL ACTION
 : 
   v. : 
 : 
HARTFORD LIFE AND ACCIDENT : NO. 10-2044
INSURANCE COMPANY : 

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE[1]

Plaintiff Diane Aquilino ("Plaintiff") brought this action against Defendant Hartford Life and Accident Insurance Company ("Defendant" or "Hartford") seeking payments and damages arising from Hartford's decision to terminate her long-term disability ("LTD") benefits effective May 8, 2009. Presently before the court is a dispute as to whether Plaintiff is entitled to discovery beyond the paper record which Hartford relied upon in making its decision to terminate Plaintiff's LTD benefits (the "Administrative Record"). For the following reasons, I find that Plaintiff is not entitled to discovery beyond the Administrative Record.

---

[1] This case was originally assigned to the Honorable William H. Yohn. Judge Yohn referred the matter to me for all proceedings upon the consent of the parties. See Docs. 6 & 8.

I.    **RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff was employed as a program coordinator by Certainteed Corporation, which was a fully owned subsidiary of Saint-Gobain Corporation, from December 1984, through April 25, 2008. See Doc. 1, Exh. 2 ("Compl.") at ¶¶ 3,4, 7. Plaintiff was a participant in the group benefit plan for its employees, which provided LTD benefits to eligible and qualified employees pursuant to the terms of a group policy of insurance (the "Policy").[2]

Plaintiff suffers from Crohn's Disease and related illnesses and became unable to perform the essential duties of her job by April 2008. Compl. at ¶ 8. Plaintiff received short-term disability benefits pursuant to the Policy from August 31, 2007, through April 25, 2008, and LTD benefits beginning on April 26, 2008. Id. at ¶¶ 9, 10. Meanwhile, in accordance with beneficiary obligations under the Policy, Plaintiff filed a claim for Social Security Benefits on May 27, 2008, and was awarded benefits on April 23, 2009, with an effective start date of November 26, 2007. Id. at ¶ 11.

On May 7, 2009, Hartford determined that Plaintiff was no longer entitled to receive LTD benefits, and terminated the benefits effective the following day. Compl. at ¶ 13. Plaintiff requested reconsideration of the LTD termination notice by letter dated November 2, 2009, and Hartford denied the request by letter dated November 19, 2009. Id. at ¶¶ 14, 15.

---

[2]The Policy is attached to the Complaint at Exh. "A."

Plaintiff commenced suit in state court, asserting claims against Defendant for breach of contract and bad faith. See Compl. at Counts I & II. Defendant removed the matter to federal court on the basis that Plaintiff's claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), and filed a motion to dismiss the state law bad faith claim asserted in Count II of the Complaint. See Docs. 1 & 3.

On June 8, 2010, after the matter was referred to me, I held a teleconference with counsel to discuss the pending motion to dismiss and a dispute concerning the scope of discovery. Two orders followed, the first granting Defendant's motion to dismiss as unopposed and dismissing Count II of the Complaint, and the second directing Plaintiff to notify Defendant of all discovery sought beyond the Administrative Record and setting forth a schedule for the parties to address the discovery dispute in responsive letter briefs. See Docs. 9 & 10.[3]

Consistent with my scheduling order, Plaintiff sent Defendant a letter proposing significant discovery beyond the Administrative Record. See 06/24/10 letter, attached to Doc. 16 at Exh. "A." For example, Plaintiff seeks to depose various individuals, including Rakesh Vinayek, M.D., the medical consultant who reviewed Plaintiff's file, Stephen Murray, a senior claims investigator with Hartford, and Christine Chiodo of

---

[3] The latter order was revised by two subsequent orders dated June 15, 2010, and July 6, 2010, respectively. See Docs. 11 & 12.

Certainteed's human relations department. See id. at 1-2. Plaintiff also seeks production of various documents, including all correspondence between Plaintiff and Defendant, the medical case manager's file, the Commonwealth of Pennsylvania Attorney General's Office file related to a fraud report concerning Plaintiff which was submitted by Mr. Murray, and Plaintiff's employment records from Certainteed covering the period January 1, 2006, through November 25, 2007. See id. at 2.

Defendant thereafter filed a letter brief opposing Plaintiff's proposed discovery in its entirety (Doc. 16), Plaintiff submitted a letter brief in response (Doc. 17), and Defendant submitted a letter brief in reply (Doc. 18). The discovery dispute is now ripe for review.

## II. **DISCUSSION**

The sole issue presented is whether Plaintiff is entitled to discovery in this matter beyond the Administrative Record utilized by Defendant in its decision to terminate Plaintiff's LTD benefits. The parties agree that resolution of this issue turns on what standard of review applies at trial. Plaintiff argues that the court should engage in de novo review, in which case Plaintiff should be permitted to develop her case beyond the existing Administrative Record. Defendant counters that the arbitrary and capricious standard of review applies, and that no such expanded discovery is permissible. The parties agree that if the more deferential arbitrary and capricious standard of review applies, Plaintiff would not be entitled to any expanded discovery. See Doc. 17 at 4

("[S]hould the Court adopt . . . the arbitrary and capricious standard, I [Plaintiff's counsel] would agree . . . that the discovery requested by [Plaintiff] is not authorized.").

Plaintiff concedes that the Policy conveys upon Hartford "full discretion" to determine eligibility for benefits under the Policy. See Doc. 17 at 1 (quoting the Policy at p. 32) ("The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy."). Ordinarily, such discretionary language in a policy is sufficient to shift judicial review of a benefits determination from de novo to discretionary review. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111, 115 (1989) (de novo review generally applies in ERISA cases, but where a plan grants administrator or fiduciary discretionary authority to determine benefits eligibility, "[t]rust principles make a deferential standard of review appropriate"). Nevertheless, Plaintiff argues that de novo review should apply in this case because Hartford is vested with both discretionary authority to determine eligibility for benefits and responsibility for paying those benefits, thus creating a conflict of interest. See Doc. 17 at 1, 5.

In support of her argument, Plaintiff relies on Hall v. UNUM Life Ins. Co., 300 F.3d 1197 (10th Cir. 2002). See Doc. 17 at 1-2. In Hall, the Tenth Circuit considered the question of what discovery should be permitted in the context of de novo ERISA cases. See 300 F.3d at 1200-01. The court concluded that "the best way to implement ERISA's purposes . . . is ordinarily to restrict de novo review to the administrative record, but to

5

allow the district court to supplement that record 'when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.'" Id. at 1202 (quoting Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025 (4th Cir. 1993)). The Tenth Circuit identified several "exceptional circumstances" that could warrant such additional evidence, including "instances where the payor and the administrator are the same entity and the court is concerned about impartiality." Id. at 1203 (quoting Quesinberry, 987 F.2d at 1027).

Plaintiff's reliance on Hall is misplaced for two reasons. First, the policy administrator in Hall did not have discretionary authority and therefore the parties in that case did not dispute the lower court's determination that de novo review applied. See 300 F.3d at 1200-01. Thus, the question in Hall was not the same as that implicated here – namely, whether de novo review applies – but rather whether the "exceptional circumstances" identified by the court entitled Petitioner to obtain evidence beyond the administrative record in the context of de novo review. Id. at 1202-03.

Second, as to the question whether a conflict of interest constitutes an "exceptional circumstance" warranting a shift in the standard of review from discretionary to de novo, as Plaintiff suggests, that proposition has been explicitly rejected by the United States Supreme Court. In Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343 (2008), the Supreme Court explained that the fact that the same entity both determines eligibility for, and is responsible for paying, benefits, did not imply "a change in the

6

*standard* of review, say, from deferential to de novo review." 128 S.Ct. at 2350 (emphasis in original). Instead, the Supreme Court held that deferential review is applicable, and that the reviewing judge should "take account of the conflict when determining whether the [administrator] . . . has abused his discretion." Id.

Prior to the Supreme Court's decision in Glenn, the Third Circuit "adjusted the standard of review using a 'sliding scale' in which the level of deference we accorded to a plan administrator would change depending on the conflict or conflicts of interest affecting plan administration." Estate of Schwing v. Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009). In light of Glenn, the Third Circuit in Schwing abandoned its earlier approach and held that in such cases courts "should apply a deferential abuse of discretion standard of review across the board and consider any conflict of interest as one of several factors in considering whether the administrator or the fiduciary abused its discretion." 562 F.3d at 524.[4] Since Glenn and Schwing, courts in this jurisdiction have repeatedly held that the existence of a conflict does not alter the standard of review, and that the decisions of claims administers in such circumstances should be reviewed under the deferential arbitrary and capricious standard of review. See, e.g., Doroshow v. Hartford Life & Accident Ins. Co., 574 F.3d 230, 233-34 (3d Cir. 2009), cert. denied, 130 S.Ct. 1060 (2010) (existence of conflict of interest does not change deferential standard of

---

[4]In the ERISA context, the "abuse of discretion" and "arbitrary and capricious" standards are "practically identical." Schwing, 562 F.3d at 526 n.2 (citing Abmathiya v. Hoffman-La Roche Inc., 2 F.3d 40, 45 n.4 (3d Cir. 1993)).

7

review); Lubich v. Liberty Life Assur. Co., 2010 WL 1253547, *5 (W.D. Pa. Mar. 4, 2010) (same); Kovach v. UNUM Life Ins. Co., 08-5388, 2009 WL 5217076, *2-3 (E.D. Pa. Dec. 30, 2009) (Robreno, J.) (arbitrary and capricious standard of review applies where administrator is vested with discretion to make disability determinations).

Some courts have permitted limited discovery, even in the context of arbitrary and capricious review, so long as the discovery is narrowly tailored to explore an alleged conflict of interest by a claims administrator. See, e.g., Sivalingam v. UNUM Provident Corp., 09-4702, 2010 WL 2650428, *3 (E.D. Pa. July 1, 2010) (Bartle, C.J.) ("Discovery is the only way the record can be fully developed on the conflicts issue"). Here, Plaintiff seeks broad discovery based on her argument that de novo review applies, and has not tailored her requests to the question of Hartford's conflict of interest. This broad, merits-based evidentiary pursuit is not permitted in the context of arbitrary and capricious review. See Dandridge v. Raytheon Co., 2010 WL 370598, *3 (D.N.J. Jan. 26, 2010) (Falk, M.J.) ("[T]o the extent Plaintiff seeks discovery into the merits of the Defendant's claim determination, it is clear that such discovery is prohibited").

In light of the Supreme Court's ruling in Glenn and subsequent Third Circuit case law, I conclude that the deferential arbitrary and capricious standard of review applies in the present case. I further conclude that Plaintiff has not established that she is entitled to discovery beyond the Administrative Record. See Bauer v. Reliance Standard Life Ins. Co., 09-0397, 2009 WL 4287407, *3 (E.D. Pa. Aug. 13, 2009) (Joyner, J.)

(acknowledging conflict of interest may have influenced policy interpretation, but concluding "additional conflict of interest discovery outside the administrative record is not required for the Court's analysis of the reasonableness of the Policy's interpretation."); Smathers v. Multi-Tool, Inc., 298 F.3d 191, 199-200 (3d Cir. 2002) ("Whether a claim determination is arbitrary and capricious requires a determination 'whether there was a reasonable basis for [the administrator's] decision, based upon the facts known to the administrator at the time the decision was made.'") (quoting Levinson v. Reliance Std. Life Ins. Co., 245 F.3d 1321, 1326 (11th Cir. 2001)).

### III. **CONCLUSION**

For the foregoing reasons, I conclude that this matter is subject to the deferential arbitrary and capricious standard of review, and that Plaintiff is not entitled to discovery beyond the existing Administrative Record. Accordingly, I will deny Plaintiff's request for expanded discovery. An appropriate Order follows.